IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRENDA KINNEY,                        x
                                      :
    Plaintiff,
                                      :    Civil Action File No.
vs.                                        1:14-cv-
                                      :
WILLOWWOOD-GLEN
NURSING CENTER, LLC,                  :
    Defendant.                        :

-------------------------------------------------x

## COMPLAINT

Plaintiff, Brenda Kinney, by and through her counsel of record, Robert N. Marx of Marx & Marx, L.L.C., as and for her Complaint, respectfully alleges as follows:

## PARTIES

1.

Plaintiff, Brenda Kinney, (hereinafter "Plaintiff" or "Ms. Kinney") is a natural born United States citizen residing within the Northern District of Georgia.

2.

On information and belief, Defendant, Willowwood-Glen Nursing Center, LLC (hereinafter "Defendant" or "Willowwood") is a domestic corporation doing business in the Northern District of Georgia.

1

3.

On information and belief, the registered agent for service of process on

Defendant is Richard Feldman, 16 Norcross Street, Suite 50-B, Roswell, GA

30075.

JURISDICTION

4.

The jurisdiction of this Court is invoked pursuant to §216(b) of the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), as well as by 28 U.S.C.

§§1331.

JURISDICTIONAL ALLEGATIONS

5.

Defendant Willowwood is engaged in commerce as defined under the Fair

Labor Standards Act ("FLSA") at 29 U.S.C.§203(b) and was so engaged during the

time of Plaintiff's employment.

6.

On information and belief, Defendant Willowwood is an "enterprise

engaged in commerce or in the productions of goods or services for commerce" as

defined in 29 U.S.C. §§203(r) and (s). On information and belief, at all relevant

times and continuing, Willowwood is engaged in the operation of a hospital, and/or

of an institution primarily engaged in the care of the sick, the aged, or the mentally

ill or defective who reside on the premises of such institution.

7.

On information and belief at all relevant times and continuing, Willowwood

had two or more employees of its enterprise individually engaged in commerce or

who otherwise individually meet the traditional test of coverage.

8.

Plaintiff was individually covered by the FLSA as she utilized the

instrumentalities of commerce while she performed her job duties for Defendant.

VENUE

9.

Venue is appropriate pursuant to 28 U.S.C. §1391 in that the Northern

District of Georgia is the judicial district in which a substantial part of the events

giving rise to this claim occurred.

NATURE OF THIS ACTION

10.

This is an action brought under the Fair Labor Standards Act ("FLSA"), 29

U.S.C. §§201 *et seq.* to recover unpaid overtime compensation, liquidated

damages, attorneys' fees and costs.

FACTS

11.

Plaintiff, Brenda Kinney was employed by Defendant from on or about April 12, 2010 to on or about December 6, 2013.

12.

Ms. Kinney was employed as a Licensed Practical Nurse. Ms. Kinney did not supervise any employees at any time.

13.

Throughout the time that Ms. Kinney was employed by Defendants, she regularly worked in excess of forty (40) hours per week.

14.

Despite the fact that Ms. Kinney worked more than forty (40) hours per week on a regular basis, Defendant did not pay Ms. Kinney for any of that overtime.

15.

Throughout the time that Ms. Kinney was employed by Defendants, she regularly worked in excess of eighty (80) hours in fourteen (14) day periods.

16.

Despite the fact that Ms. Kinney worked more than eighty (80) hours in

fourteen (14) day periods on a regular basis, Defendant did not pay Ms. Kinney for

any of that overtime.

### FIRST CAUSE OF ACTION
### Violation of 29 U.S.C.§216(b)
### (Fair Labor Standards Act [FLSA])
### (Failure to Pay Overtime)

17.

Plaintiff incorporates the allegations of ¶¶1 – 16 to the same force and effect

as if pled herein.

18.

Defendant repeatedly and willfully violated the provisions of §§7 and

15(a)(2) of the FLSA, 29 U.S.C. §§207 and 215(a)(2), by employing individuals,

including Plaintiff, engaged in commerce, for work weeks longer than 40 hours

without compensating such employees for their employment in excess of such

hours at rates not less than one and one-half times the regular rates at which they

were employed.

19.

Plaintiff was regularly compelled to work more than 40 hours per week but

was not paid overtime compensation as required under the FLSA.

20.

Defendant repeatedly and willfully violated the provisions of §§7 and 15(a)(2) of the FLSA, 29 U.S.C. §§207 and 215(a)(2), by employing individuals, including Plaintiff, engaged in commerce, to work for fourteen (14) day periods in excess of eighty (80) hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

21.

Plaintiff was regularly compelled to work more than eighty (80) hours in a fourteen (14) day period but was not paid overtime compensation as required under the FLSA.

22.

Plaintiff was not an exempt employee under the FLSA.

23.

Defendant's violations of the overtime pay requirements set forth in the FLSA were systematic, voluntary and willful.

24.

Defendant owes Plaintiff overtime pay for work performed but not compensated in an amount to be determined in this action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Violation of 29 U.S.C.§§211(c), 215(a)(5) and 29 CFR §516)
### (Fair Labor Standards Act [FLSA])
### (Failure to Maintain Time Records)

25.

Plaintiffs incorporate the allegations of ¶¶1 – 24 to the same force and effect as if pled herein.

26.

Within the preceding four years, Defendant, as an employer subject to the provisions of the FLSA, repeatedly violated the provisions of §§11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§211(c) and 215(a)(5) and the Department of Labor Regulations at 29 CFR §516, by failing to make, keep and preserve adequate and accurate records of the persons employed, and of the wages, hours and other conditions and practices of employment maintained by them.

27.

Plaintiff is entitled to relief shifting the burden of proof to the Defendant with regard to the amount of overtime worked due to the violations of §§11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§211(c) and 215(a)(5) and the Department of Labor Regulations at 29 CFR §516.

REQUEST FOR RELIEF

WHEREFORE Plaintiff requests that this Court:

(a) Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207 and FLSA §6, 29 U.S.C. §206; liquidated damages, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees as provided under FLSA §16, 29 U.S.C. §216; and all other remedies allowed under the FLSA;

(b) Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207 and FLSA §6, 29 U.S.C. §206; liquidated damages, and pre-judgment interest on unpaid wages for willful violation of the FLSA;

(c) Grant declaratory judgment declaring that Plaintiff's rights have been violated; and

(d) Award Plaintiff such further and additional relief as may be just and appropriate; and

(e) Plaintiff demands TRIAL BY JURY.

This 17th day of September 2014.

s/ROBERT N. MARX
Robert N. Marx, Esq.
Georgia Bar No. 475280
Jean Simonoff Marx, Esq.
Georgia Bar No. 475276
Marx & Marx, L.L.C.
5555 Glenridge Connector
Suite 200

8

Atlanta, Georgia 30342
Telephone:  (404) 261-9559
lawyers@marxlaw.com
Attorneys for Plaintiff