# RELEASE AND SETTLEMENT AGREEMENT

THIS RELEASE AND SETTLEMENT AGREEMENT (hereinafter the "Agreement") is made and entered into as of the 31st day of July, 2015, by and between Plaintiff Brenda Kinney, and Defendant Willowwood-Glen Nursing Center, LLC (collectively the "Parties"). The following paragraphs constitute the entire Agreement between Parties, and no amendment or modification of the Agreement will be valid or binding unless it is signed by all parties.

## W I T N E S S E T H

WHEREAS, Plaintiff was formerly employed with Willowwood-Glen Nursing Center, LLC; and

WHEREAS, on September 17, 2014 Plaintiffs filed a Complaint against Defendant in the United States District Court for the Northern District of Georgia, Atlanta Division, Civil Action No. 1:14-CV-02989-LMM raising allegations of unpaid overtime and accompanying damages and penalties in violation of the Fair Labor Standards Act (the "Complaint"); and

WHEREAS, Defendant has denied and continues to deny any and all liability to Plaintiff; and

WHEREAS, to avoid the uncertainty and expense of further litigation in connection with the Complaint, the Parties intend and desire to enter into this Agreement for the purposes of settling and resolving all claims Plaintiff asserts or could have asserted against Defendant. Plaintiff desires to dismiss her claims and to fully and completely release Defendant and the Releasees from any and all liability and to reach full accord and satisfaction of all claims; and

NOW, THEREFORE, in consideration of the payment of moneys and in further consideration of the promises, covenants, and releases hereinafter set forth, the receipt and sufficiency of which is acknowledged, the Parties agree as follows:

1. **Settlement Funds and Obligations**. As soon as practicable after the full execution of this Agreement, the Parties agree to submit this Agreement to the Court for approval. The total consideration payable by Defendant to Plaintiff is TEN THOUSAND FOUR HUNDRED DOLLARS and 00/100 ($10,400.00) ("Settlement Funds"), payable within three (3) business days of the Court's approval of this Agreement. The Settlement Funds shall be payable as follows:

   a. Brenda Kinney in the amount of SIX THOUSAND DOLLARS and 00/100 ($6000.00); and
   b. Marx & Marx, L.L.C. in the amount of FOUR THOUSAND FOUR HUNDRED DOLLARS and 00/100 ($4,400.00).

Willowwood-Glen Nursing Center, LLC will issue IRS Form 1099 in connection with all Settlement Funds. Plaintiff's counsel will deliver Plaintiff's portion of the Settlement Funds to her to the extent any additional disbursements are required other than as outlined above. Plaintiff acknowledges that she is responsible for any attorneys' fees incurred in raising her claims and agree she will not take any legal action against Defendant or Releasees seeking any payment of attorneys'

4817-3600-9766.1

fees other than as set forth herein, as Plaintiff and Defendant shall be solely responsible for their own respective attorneys' fees, costs, and expenses in connection with this matter.

Plaintiff understands and agrees Defendant and Releasees make no representations regarding the tax consequences of the payments recited herein and assume no liability whatsoever to any federal, state or local taxing authority for the consequences or treatment of settlement proceeds. Plaintiff understands and agrees Defendant and Releasees assume no liability whatsoever of Plaintiff's tax liability on the settlement proceeds. Plaintiff further agrees and understands Plaintiff or her appropriate designee shall file any reporting form required by the tax authorities reflecting the payments specified in this Release. Any tax obligation arising from this Agreement will be Plaintiff's sole responsibility. Plaintiff agrees to and will defend and indemnify the Defendant and Releasees and hold them harmless from any tax liability, including taxes, interest, penalties and the like, which may be or is asserted against or imposed upon the Defendant or Releasees by any taxing authority in relation to the above described Settlement Funds payments.

2. **Release of Claims**. In further consideration for the promises and agreements set forth above, Plaintiff hereby voluntarily, irrevocably, fully and completely releases, acquits and forever discharges Defendant (including their controlling or controlled entities, operating units, facilities, institutes, centers, departments, owners, shareholders, trustees, administrators, directors, officers, partners (both limited and general), managers, agents, employees, parents, subsidiaries, divisions, heirs, successors, assigns, insurers (including re-insurers), affiliates and related business entities, including but not limited to (collectively referred to as the "Releasees") from any and all claims, causes of action, demands, liabilities, debts or damages accrued as of the date of execution of this Agreement (known or unknown) which they ever had or now have arising from or related to Plaintiffs' employment with any of the Releasees, including but not limited to claims of employment discrimination, retaliation or any other claims under Georgia Code or common laws; any claims under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991 (42 U.S.C. § 2000 et seq.); 42 U.S.C. § 1981; Family and Medical Leave Act of 1993, the Rehabilitation Act of 1973, the Genetic Information Nondiscrimination Act, the Americans with Disabilities Act Amendments Act of 2008, the Older Workers Benefit Protection Act, the Age Discrimination in Employment Act of 1967, the Employee Retirement Income Security Act of 1974, the Fair Labor Standards Act, the National Labor Relations Act, the Worker Adjustment and Retraining Notification Act, the Internal Revenue Code of 1986; the Fair Credit Reporting Act, claims for breach of contract, claims for lost or unpaid wages, unpaid commissions or other employee benefits; claims under state law for intentional infliction of emotional distress, pain, suffering or anxiety, negligence, outrageous conduct, invasion of privacy, harassment, retaliation, assault, battery, defamation, slander, wrongful or constructive discharge or any other actions arising in tort or contract; claims for unemployment compensation; and any additional claims under Georgia or federal law. The Parties acknowledge this release does not release claims arising after the execution of this Agreement. Without limiting the foregoing, Plaintiff releases Defendant from any and all claims of any type or nature, up to and including the date of execution of this Agreement. Additionally, Plaintiff acknowledges that this Agreement constitutes a full ACCORD AND SATISFACTION of all claims covered by the release provisions of this Paragraph.

Plaintiff further agrees that (1) she will not voluntarily become a member of any collective action or class of persons suing any Releasee to assert any claim that arose prior to the date they sign this Agreement nor will she do so with regard to any claim against any Releasee arising from or related to Plaintiff's employment with Defendant and, to the extent they are an involuntary member of

any such class, Plaintiff waives any recovery to which she might otherwise be entitled, (2) she will not authorize any person, organization, or other entity acting on their behalf, to sue the Releasees or initiate any type of action, judicial, administrative, or otherwise against the Releasees with respect to any event, transaction, or matter that occurred before the date of this Agreement nor will she do so with regard to any claim against any Releasee arising from or related to Plaintiff's employment with any of the Releasees, or with respect to any continuing effects of such events, transactions, or matters and (3) she waives any right to any portion of any recovery to which they might otherwise be entitled under any state and federal statutes or common law.

3. **Warranties and Representations**. Plaintiff specifically represents and warrants that as of the date she executes this Agreement, she is unaware of any additional claim, liability, damage, loss or expense of any nature whatsoever against any of the Releasees based on the protections provided by the Fair Labor Standards Act, 29 U.S.C. § 213 *et seq*. Plaintiff also specifically represents and warrants that as of the date she executes this Agreement, she is not aware of any other claim, liability, damage, loss or expense of any nature whatsoever against any of the Releasees identified in Paragraph 2 of the Agreement. By entering into this Agreement, the Parties represent that they fully understand the terms of this Agreement, and that they have voluntarily agreed to this Agreement of their own free will and without any pressure or duress from anyone. The Parties further acknowledge that they have reviewed this Agreement with the advice of counsel and that they mutually participated in the drafting of this Agreement such that its terms shall not be interpreted in favor of, or against, any of the Parties. Each of the Parties represents and warrants that he or she has not assigned or transferred, or purported to transfer or assign to any other person or entity, any claim arising out of or relating to the released claims.

4. **Covenant Not To Sue or Voluntarily Participate in Class or Collective Action**. Plaintiff agrees, promises and covenants that she has not currently filed administrative charges or causes of action and she will not file or cause to be filed any civil or criminal action or administrative complaint or charge with any state or federal court, administrative agency or governmental authority concerning any treatment, act, action, omission, comment, conduct or behavior against any Releasee arising from or related to Plaintiff's employment with Defendant occurring prior to the date of execution of this Agreement, including any claim for attorneys' fees.

Plaintiff further agrees not to commence, maintain, initiate, prosecute, or cause, support, encourage, voluntarily participate in, assist or advise with any other person or entity to commence, maintain, initiate, or prosecute any class or collective action, suit, proceeding, or claim before any court, administrative agency or in any manner whatsoever attempt the commencement of any class or collective action, suit, proceeding, or claim relating to any matter released herein against any Releasee, then this Agreement shall be a complete defense and shall act as a bar to any such action, suit, proceeding or claim.

5. **No Rehire**. Plaintiff agrees not to apply for or accept an offer of employment (including any temporary, independent contractor, full-time or part-time work or privileges) with any of the Releasees.

6. **Successors and Assigns**. This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors. Neither party may assign its rights or obligations hereunder without the prior written consent of the other party, which consent shall not be

unreasonably withheld. No assignment shall relieve the assigning party of any of its obligations under the terms of this Agreement.

7. **Amendment and Modification; Waiver**. This Agreement may only be amended, modified or supplemented by an agreement in writing signed by each party to this Agreement. No waiver by any party of any of the provisions hereof shall be effective unless explicitly set forth in writing and signed by the party so waiving. No waiver by any party shall operate or be construed as a waiver in respect of any failure, breach, or default not expressly identified by such written waiver, whether of a similar or different character, and whether occurring before or after that waiver. No failure to exercise, or delay in exercising, any right, remedy, power or privilege arising from this Agreement shall operate or be construed as a waiver thereof, nor shall any single or partial exercise of any right, remedy, power or privilege hereunder preclude any other or further exercise thereof or the exercise of any other right, remedy, power or privilege.

8. **No Third-party Beneficiaries**. This Agreement is for the sole benefit of the Parties to this Agreement and their respective successors and nothing herein, express or implied, is intended to create any third party beneficiaries to this Agreement and nothing herein, express or implied, shall confer upon any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Agreement.

9. **No Admission Of Liability**. It is understood and acknowledged by all Parties that this is a settlement and compromise of disputed claims and is not and cannot be considered as an admission of liability or wrongdoing by any party hereto; to the contrary, it is understood and acknowledged that all parties expressly deny any liability to each other.

10. **Advice To Seek Counsel**. Plaintiff represents and warrants that she has been encouraged by Defendant to seek advice from anyone of her choosing, including their attorneys, accountant or tax advisor prior to signing this Agreement; that this Agreement represents written notice that they have been given the opportunity and sufficient time to seek such advice; that she has carefully read and fully understand all of the provisions of this Agreement; and that she is voluntarily entering into this Agreement.

11. **Georgia Law Applies**. This Agreement shall be construed as a whole according to its fair meaning and shall be interpreted, governed and construed under the laws of the State of Georgia. The Parties intend this Agreement to be valid and binding in all respects.

12. **Severability**. The Parties agree that the terms of this Agreement are contractual and not merely a recital. Should any portion be found by a court of law to be invalid, void, illegal, contrary to law or public policy, or otherwise unenforceable, it is expressly agreed by the parties that only such portion will be affected and the remainder of the Agreement will stand in full force and effect as if such unenforceable provision had never been contained herein.

13. **Release of All Claims**. Plaintiff further represents and warrants she was not coerced, threatened or otherwise forced to sign this Agreement, and that their signatures appearing hereinafter are genuine. Plaintiff understands this Agreement contains a full release of ALL claims against Releasees.

14. **Headings.** The headings in this Agreement are for reference only and shall not affect the interpretation of this Agreement.

15. **Counterparts.** This Agreement may be executed simultaneously in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same agreement. A signed copy of this Agreement delivered by facsimile, e-mail, or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this Agreement.

IN WITNESS WHEREOF, the undersigned parties have signed and executed this Agreement on the date set forth below as an expression of their intent to be bound by the foregoing terms of this Agreement.

I UNDERSTAND THAT BY SIGNING THIS AGREEMENT, I AM GIVING UP RIGHTS I MAY HAVE. I UNDERSTAND I DO NOT HAVE TO SIGN THIS AGREEMENT.

This 31st day of July, 2015.

_____
BRENDA KINNEY

WILLOWWOOD-GLEN NURSING CENTER, LLC

_____
BRANTLEY ROWLEI
(print name)

_____
ATTORNEY
Title

_____
Aug. 4, 2015
Date